UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE SHARP,

      Plaintiff,                               Case No. 2:10-cv-1039
                                                      JUDGE GREGORY L. FROST
      v.                                          Magistrate Judge Mark R. Abel

HONDA OF AMERICA MFG., INC.,

      Defendants.

**OPINION AND ORDER**

      This matter is before the Court on Defendant Honda of America Mfg., Inc.'s Motion to Dismiss (ECF No. 5), which was filed on January 17, 2011.  Plaintiff did not oppose that motion and her time to do so has passed.  *See* S. D. Ohio Civ. R. 7.2 (allowing twenty-one days from the date the motion was filed to file a memorandum in opposition).

      In its motion, Defendant moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of Plaintiff's fifth claim for relief which alleges that she was terminated in retaliation for filing a workers' compensation claim.  *See* Fed. R. Civ. P. 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted).  Defendant correctly argues that Ohio law does not provide for a public policy violation claim based on allegations of workers' compensation retaliation.  Instead, Ohio Revised Code § 4123.90 provides the sole mechanism for relief to employees who are discharged after filing a workers' compensation claim.  *See Bickers v. Western & Southern Life Ins. Co.,* 879 N.E.2d 201, 207 (Ohio 2007) (Ohio Rev. Code §4123.90 "provides the exclusive remedy for employees claiming termination in violation of

1

rights conferred by the Workers' Compensation Act"); *Amara v. ATK, Inc.*, No. 3:08-cv-0378, 2009 U.S. Dist. LEXIS 76357, at *6 (S.D. Ohio 2009) (dismissing the plaintiff's Ohio public policy claim based on alleged workers' compensation retaliation based on *Bickers*);

While the plaintiff in *Bickers* was actually receiving workers' compensation benefits and Plaintiff here had only filed a claim for those benefits, the prohibition against a public policy claim in Ohio is the same. That is, as *Bickers* stated, "[e]mployers may not retaliate against employees for pursuing a workers' compensation claim. R.C. 4123.90." *Bickers*, 879 N.E.2d at 207. *See also Helmick v. Solid Waste Auth. of Cent. Ohio*, No. 2:07-cv-912, 2009 U.S. Dist. LEXIS 19301, at *11(S.D. Ohio 2009) (noting that the Supreme Court of Ohio's decision in *Bickers* "dispensed with [plaintiff]'s claim for retaliation in violation of public policy based on his filing of a claim with the [Bureau of Workers Compensation]"). Section 4123.90 is clear that the filing of a claim is sufficient to trigger its application:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee *because the employee filed a claim* or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

Ohio Rev. Code 4123.90 (emphasis added).

Consequently, Plaintiff has failed to state a claim for wrongful discharge in violation of the public policy of Ohio that is plausible on its face. *See Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 570 (2007) (complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim of wrongful discharge in violation of the public

policy of Ohio.  (ECF No. 5.)

       **IT IS SO ORDERED.**

                                          **/s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**